# IN THE COURT OF APPEALS OF IOWA

No. 25-0532
Filed June 18, 2025

IN THE INTEREST OF J.W.,
Minor Child,

G.C., Mother,
    Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Paige E. Hillyer, Davenport, for appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney General, for appellee State.

Jennifer Olsen of Olsen Law Firm, Davenport, attorney and guardian ad litem for minor child.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to her child, J.W., born in 2012.[1] But because she did not preserve error on any issues, we affirm termination of her parental rights.

The Iowa Department of Health and Human Services (the department) removed J.W. after receiving allegations that the mother was using methamphetamine. Before her removal, J.W. had been living primarily with a family friend and had limited contact with her mother. After the family friend passed away, the juvenile court placed J.W. with her half-sister, where she stayed during the remainder of the proceedings. During this time, J.W. refused visits and contact with her mother, expressing a desire for termination of the mother's parental rights and adoption by her half-sister.

Throughout the proceedings, the mother made virtually no progress towards the department's primary concerns, which were substance use and domestic violence. Despite the mother's history of methamphetamine addiction, she did not comply with substance-use services. And regarding her romantic relationships, she lied to the department and continued to see her abusive paramour. As of the termination hearing, the mother had no housing or employment, had not engaged in any services, and had not seen her daughter in over a year.

In March 2025, a termination hearing occurred. While the mother appeared at the courthouse for the termination hearing, she refused to come into the

---

[1] The father's parental rights to J.W. were also terminated as part of the same proceedings. But he does not appeal.

courtroom. In her absence, the mother's counsel presented no evidence and did not make any substantive arguments against termination. The juvenile court terminated the mother's parental rights to J.W. The mother appeals.

The mother's sole argument on appeal is that we should apply a permissive exception to termination based on her bond with J.W. *See* Iowa Code 232.116(3)(c) (2025) (providing a discretionary exception to termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). We place the burden on the parent to establish "that, on balance, that bond makes termination more detrimental than not." *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021). But the State contends that error was not preserved for this argument because the mother neither appeared for the termination hearing nor advanced any arguments against termination. We agree. While we do not require a parent to be physically present at the termination hearing to preserve error, we do expect some degree of argument from their representative counsel. *See In re J.R.*, ___ N.W.3d ___, ___, 2025 WL 52738, at *1 (Iowa Ct. App. 2025). The mother's counsel did not "challeng[e] the State's evidence, introduc[e] the parent's own evidence, or mak[e] arguments against termination." *Id.* This is not sufficient to preserve error. And even if the mother *had* preserved error, we would still decline to apply a permissive exception based on a parent-child bond. Upon our review of the record, the mother has not established the existence of a bond at all, let alone one so strong that it would be detrimental to J.W. to sever that relationship. In fact, J.W. herself expressed hostility towards her mother for delaying the proceedings and preventing her from achieving

permanency. J.W.'s guardian ad litem agreed, stating "it is absolutely not true that [J.W.] and [the mother] had a good relationship" and recommending termination. We therefore cannot find that an exception to termination is appropriate, on either error-preservation principles or its merits.

Because the mother has not preserved error, we affirm termination of her parental rights to J.W.

**AFFIRMED.**